IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THOMAS KIMMONS and                                                                  PLAINTIFFS
GICELIA SWOPES

v.                              Case No. 4:19-cv-00876-LPR

AUTOZONE, INC., et al.                                                               DEFENDANTS

## ORDER

Before the Court are two Motions to Dismiss and for More Definite Statement filed by Defendant Federal-Mogul Asbestos Personal Injury Trust—one as successor to the Felt-Products Manufacturing Company[1] and one as successor to the Vellumoid Division of Federal-Mogul Corporation.[2] Both Motions fail to comply with Local Rule 7.2.[3] They are not accompanied by a brief. This is not just a technical foot fault. The arguments in the roughly two-page Motions are completely undeveloped and conclusory. This is reason enough to deny the Motions.[4]

One additional point about personal jurisdiction is in order. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal

---

[1] Def. Federal-Mogul's Mot. to Dismiss, Mot. for More Definite Statement, and Answer as successor to Felt-Products Manufacturing Company (Doc. 34).

[2] Def. Federal-Mogul's Mot. to Dismiss, Mot. for More Definite Statement, and Answer as successor to Vellumoid Division of Federal-Mogul Corporation (Doc. 35).

[3] Local Rule 7.2(a) states, in relevant part, that "[a]ll motions . . . shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law." Local Rule 7.2(e) specifically addresses motions to dismiss, stating that "motions to dismiss shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief."

[4] See Chermak v. Carter, No. 3:14-CV-03072, 2014 WL 6815797, at *5 (W.D. Ark. Dec. 2, 2014) ("Defendant Thurston filed a combined answer and motion to dismiss. The motion to dismiss will not be considered since it is not set forth in a separate pleading or accompanied by a brief as is required by Rule 7.2 of the Local Rules for the Eastern and Western Districts of Arkansas."); Morningstar v. Battle, No. 419CV00239SWWJJV, 2019 WL 7560737, at *1 (E.D. Ark. Dec. 16, 2019), report and recommendation adopted, No. 419CV00239SWWJJV, 2020 WL 122591 (E.D. Ark. Jan. 9, 2020) ("Separate Defendant Dr. Johnson has filed an Answer, which includes a Motion to Dismiss. I recommend the Motion be denied for three reasons. First, the Motion is improper because it does not contain a separate brief as required by Local Rule 7.2(a).").

jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state."[5]  It is true that the Eighth Circuit has said that "once jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts" and that the "prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto."[6]  However, read in context, it is clear that this requirement for a plaintiff to prove facts, as opposed to merely making factual allegations, arises when the "defendant raises *through affidavits, documents or testimony* a meritorious challenge to personal jurisdiction."[7]

Here, Plaintiffs have pled sufficient facts to support a reasonable inference that Federal-Mogul can be subjected to jurisdiction in Arkansas.  Plaintiffs' Complaint alleges that Federal-Mogul manufactured asbestos-containing gaskets,[8] that these products were "sold, distributed, and used in the Eastern District of Arkansas," that Mr. Kimmons "was exposed to asbestos while using Defendant's Products purchased in the State of Arkansas,"[9] and that "most of the exposure [was] within the State of Arkansas."[10]  Plaintiffs' Complaint also asserts that Federal-Mogul, "in person or through an agent, transacts business in . . . [,] regularly does and/or solicits business within . . . [,] derives substantial revenue from goods used or consumed in . . .[, and] expected or should have expected its acts to have consequences within the state of Arkansas . . . ."[11]  Federal-Mogul denied

---

[5] *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (quotations and brackets omitted).

[6] *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004) (quotations and brackets omitted).

[7] *Id.* at 1073, quoting *Jet Charter Serv., Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990) (emphasis added). *See also id.*, quoting *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone.").

[8] Pls.' Compl. (Doc. 1) at 4.

[9] *Id.* at 6.

[10] *Id.* at 9.

[11] *Id.* at 2.

these allegations in its Answers.[12]  But it did not submit any factual evidence (affidavits, testimony, etc.) that would then require Plaintiffs to produce their own evidence in support of personal jurisdiction.

For the foregoing reasons, Federal-Mogul's two pending Motions are denied in their entireties.  The Court wishes to emphasize that Federal-Mogul may still bring an argument against the assertion of personal jurisdiction at the summary judgment or trial stages.   In resolving the instant Motions, the Court has not determined the ultimate merits of such a personal jurisdiction argument.  And the Court reminds all parties that at later stages of this litigation Plaintiffs will have to prove by a preponderance of the evidence that the exercise of personal jurisdiction over each defendant is consistent with the Due Process Clause of the Constitution of the United States.[13]

IT IS SO ORDERED this 25th day of August 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[12] Def. Federal-Mogul's Mots. to Dismiss, Mots. for More Definite Statement, and Answers (Docs. 34 and 35) at 6.

[13] *See, e.g., Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003) ("While the plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing.").