# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**THOMAS KIMMONS and**                                                      **PLAINTIFFS**
**GICELIA SWOPES**

**v.**                          **Case No. 4:19-cv-00876-LPR**

**AUTOZONE, INC., et al.**                                            **DEFENDANTS**

## ORDER

Before the Court is Defendant Cyprus AMAX Minerals Company's ("CAMC") Motion to Dismiss for Lack of Personal Jurisdiction.[1] For the reasons discussed below, the Motion to Dismiss is GRANTED.

Plaintiffs sued CAMC "individually, doing business as, and as successor to American Talc Company, Metropolitan Talc Co. Inc. and Charles Mathieu Inc. and Sierra Talc Company and United Talc Company."[2] CAMC asserts that it is not subject to jurisdiction in Arkansas because:

> CAMC is not registered to conduct business in Arkansas, and has no agents for service of process in Arkansas. . . . CAMC has no business operations in Arkansas, owns no property in Arkansas, pays no taxes in Arkansas, and employs no one in Arkansas. . . . CAMC has never mined, milled, or sold talc in Arkansas. . . .[3]

CAMC also states that it "is not the successor of any of the five entities Plaintiffs identify in the Complaint as CAMC's putative predecessors."[4]

CAMC has submitted 1,515 pages worth of affidavits, corporate documents, and other evidence in support of its Motion, the most important of which is an affidavit by CAMC representative John Fenn. The Fenn affidavit provides a detailed overview of CAMC's corporate

---

[1] Def. CAMC's Mot. to Dismiss (Doc. 66).

[2] Pls.' Compl. (Doc. 1) at 3.

[3] Def. CAMC's Mot. to Dismiss (Doc. 66) at 1-2.

[4] Br. in Supp. of Def. CAMC's Mot. to Dismiss (Doc. 67) at 8.

history.[5] The affidavit states that "[n]either CAMC, nor its predecessors . . . ever mined, milled, or sold talc, whether in Arkansas or in any other state."[6] It explains that "[a]ll of the historical 'Cyprus' talc business was carried out" by the predecessor or "by one or more divisions or subsidiaries of Cyprus Mines Corporation," which is "a separate entity and a wholly-owned subsidiary of CAMC."[7] Cyprus Mines Corporation acquired Sierra Talc Company in 1964,[8] and purchased "certain assets" (but not liabilities) of Metropolitan Talc Company, Inc. and American Talc Company from Charles Mathieu Inc. in 1979.[9] The affidavit also states that "CAMC is not a successor by merger, interest, or acquisition to United Talc Company," and that "CAMC is not familiar with a company named 'United Talc Company.'"[10]

The Eighth Circuit has held that "[o]nce jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts."[11] The Court cited with approval rulings from sister circuits that held that "the mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant,"[12] and that "[w]hen a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."[13] Specifically, a plaintiff must make a *prima facie* showing that personal jurisdiction

---

[5] Attach. (Aff. of John Fenn) to Def. CAMC's Mot. to Dismiss (Doc. 66-1).

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5.

[10] *Id.*

[11] *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (quotations omitted).

[12] *Id.* at 1073 (quoting *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)).

[13] *Id.* (quoting *Jet Charter Serv., Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)).

exists, which requires creating "a reasonable inference that the defendant can be subjected to jurisdiction within the state."[14]

Here, Plaintiffs did not rebut CAMC's Motion and evidence with their own "affidavits, testimony or documents." In fact, Plaintiffs did not submit a response at all. The failure to respond and provide evidence is not a simple procedural violation that can be overlooked. Evidence, and briefing that interprets that evidence, is key to resolving jurisdictional disputes because such disputes are highly contextual in nature.[15] This is especially true when it comes to jurisdiction based on a subsidiary's actions.[16] Plaintiffs have not met their burden to prove a *prima facie* case of personal jurisdiction after CAMC raised a meritorious challenge to personal jurisdiction. Plaintiffs' failure to respond at all, let alone with facts, is fatal.

But even if Plaintiffs had provided evidence and arguments, it is likely that CAMC's Motion would still be granted. In response to a separate Motion to Dismiss, Plaintiffs did provide briefing and evidence in arguing that the Court had jurisdiction over Cyprus Mines, including evidence that the Johnson & Johnson products that allegedly harmed Mr. Kimmons contained (during at least part of the exposure period) talc intentionally and exclusively supplied by Cyprus Mines.[17] Those facts and arguments were not enough to convince the Court that it could constitutionally assert jurisdiction over Cyprus Mines.[18] Assuming that Plaintiffs would have relied on very similar facts in arguing that jurisdiction over CAMC is appropriate because CAMC

---

[14] *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotations omitted).

[15] *See, e.g.,* Order Granting Def. Cyprus Mines' Mot. to Dismiss (Doc. 95) at 8-15 (collecting cases).

[16] *Anderson v. Dassault Aviation*, 361 F.3d 449, 453 (8th Cir. 2004) (holding that whether the parent and subsidiary "have a close, synergistic relationship . . . is clearly relevant to the jurisdictional question," even when that relationship "is not an abuse of the corporate organizational form").

[17] Pls.' Resp. to Cyprus Mines' Mot. to Dismiss (Doc. 81).

[18] Order Granting Def. Cyprus Mines' Mot. to Dismiss (Doc. 95).

is the parent of Cyprus Mines and its subsidiaries, the Court would grant CAMC's Motion to Dismiss for similar reasons as those which led it to grant Cyprus Mines' Motion to Dismiss.

CAMC's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 15th day of September 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE