IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS KIMMONS** *et al.*                                                                 **PLAINTIFFS**

v.                                   Case No.: 4:19-cv-00876-LPR

**AUTOZONE, INC.** *et al.*                                                                 **DEFENDANTS**

## ORDER

This is a case about (now deceased) Plaintiff Thomas Kimmons's exposure to asbestos and his resulting mesothelioma.[1] Mr. Kimmons and co-Plaintiff Gicelia Swopes filed this lawsuit on December 6, 2019.[2] Their Complaint alleged eight claims against a total of twelve Defendants.[3] One of those Defendants—Union Carbide Corporation—never entered an appearance or filed a responsive pleading (despite the fact that it was served on December 10, 2019).[4] Two more of those Defendants—Cyprus Amax Minerals Company and Cyprus Mines Corporation—were dismissed from the case because the Court lacked personal jurisdiction over them.[5]

---

[1] Compl. (Doc. 1) at 6–7; Suggestion of Death and Motion to Substitute Proper Party (Doc. 112). After Mr. Kimmons's passing, co-plaintiff Swopes filed a Motion for Leave to File an Amended Complaint (Doc. 117). The Court granted that Motion, but an amended complaint was never actually filed. *See* Order (Doc. 119). Thus, the Original Complaint (Doc. 1) is still operative.

[2] Compl. (Doc. 1) at 1.

[3] *Id.* at 1, 8–41. Plaintiffs' Complaint appears to have only named eleven Defendants. That is because Plaintiffs named Federal-Mogul Asbestos Personal Injury Trust ("Fed-Mogul") as one Defendant. *Id.* at 1. Fed-Mogul is successor to two companies—Felt-Products Manufacturing Co. and the former Vellumoid Division of Federal-Mogul Corporation. Fed-Mogul has litigated the case as two separate parties, "Vellumoid," and "Fel-Pro." *See, e.g.*, (Doc. 34) (Answer of Fed-Mogul as Successor to Fel-Pro); (Doc. 35) (Answer of Fed-Mogul as Successor to Vellumoid). So, it is more accurate to say that Plaintiffs sued twelve Defendants.

[4] *See* Affidavit or Service (Doc. 30). Plaintiffs have not asked the Court to dismiss their claims against Union Carbide, nor have Plaintiffs moved for a default judgment against Union Carbide. Accordingly, the Court takes no action as to Union Carbide.

[5] *See* Order (Doc. 95-1) (dismissing Cyprus Mines Corporation); Order (Doc. 97) (dismissing Cyprus Amax Minerals Company).

The nine other Defendants each filed Answers that denied the material allegations in Plaintiffs' Complaint and asserted cross-claims for indemnity, allocation of fault, and/or contribution against the other Defendants.[6] There are currently a large number of pending motions on the docket which cumulatively have the effect of (1) dismissing Plaintiffs' claims against these nine Defendants and (2) mooting or expressly releasing each of these Defendants' cross-claims against the other Defendants. The Court will briefly address each motion.

### Doc. 128:  Plaintiffs' Motion to Dismiss With Prejudice as to Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.

Plaintiffs state that they have "fully resolved their claims against Johnson & Johnson and Johnson & Johnson Consumer Inc. via settlement in July 2020. The parties agreed that all costs shall be taxed to the party incurring same." There has been no opposition to this Motion. Plaintiffs' Motion is GRANTED. Plaintiffs' claims against Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. are DISMISSED with prejudice.

---

[6] *See* Autozone, Inc.'s Answer (Doc. 19) at 12 (asserting cross-claims for contribution, indemnity, and apportionment of fault); Borg-Warner Morse TEC LLC ("Morse TEC")'s Answer (Doc. 8) at 38–42 (affirmatively pleading that "all damages claimed by the Plaintiffs should be reduced in whole or in part due to the comparative fault of all persons who contributed to the harm claimed by the Plaintiff[s], including the parties and non-parties to this case, over which [Morse TEC] has no control"); DCo LLC's Answer (Doc. 20) at 13 (alleging cross-claim "over and against all other defendants . . . for indemnity and/or contribution . . ."); Fel-Pro's Answer (Doc. 34) at 25 (asserting cross-claim "against all party Defendants . . . [for] indemnity, or, in the alternative, contribution . . ."); Vellumoid's Answer (Doc. 35) at 25 (same); Honeywell International, Inc.'s Answer (Doc. 32) ¶¶ 117 (requesting "an apportionment of fault, contribution and/or indemnity from and against other named Defendants and all entities at fault" as an affirmative defense); Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Joint Answer (Doc. 69) at 31 (asserting cross-claim for contribution, indemnity, and "apportionment or proration of fault"); O'Reilly Automotive Stores, Inc.'s Answer (Doc. 37) at 17 (pleading entitlement to "indemnity and/or contribution" as an affirmative defense; *see also* O'Reilly Automotive Stores, Inc.'s Cross-Claim (Doc. 133) (asserting cross-claims for indemnity, contribution, and apportionment against Morse TEC, DCo LLC, Fel-Pro, Vellumoid, and Honeywell International, Inc.).

### Doc. 136:  Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Motion to Dismiss Cross Claims[7]

Johnson & Johnson and Johnson & Johnson Consumer Inc. "move to dismiss their cross claims against the co-defendants without prejudice" because "[t]he claims asserted by Plaintiffs . . . have been resolved."  There has been no opposition to this Motion.  Defendants' Motion is GRANTED.  The cross-claims asserted by Johnson & Johnson and Johnson & Johnson Consumer Inc. are DISMISSED without prejudice.

### Doc. 137:  Plaintiffs' Motion to Dismiss Without Prejudice as to Defendant Federal-Mogul Asbestos Personal Injury Trust, as Successor to Vellumoid ("Vellumoid")

Plaintiffs move to dismiss their claims against Defendant Vellumoid without prejudice.  There has been no opposition to this Motion.  Plaintiffs' Motion is GRANTED.  Plaintiffs' claims against Vellumoid are DISMISSED without prejudice.

### Doc. 138:  Plaintiffs' Motion to Dismiss Without Prejudice as to Defendant Federal-Mogul Asbestos Personal Injury Trust, as Successor to Felt-Products Manufacturing Company ("Fel-Pro")

Plaintiffs move to dismiss their claims against Defendant Fel-Pro without prejudice.  There has been no opposition to this Motion.  Plaintiffs' Motion is GRANTED.  Plaintiffs' claims against Fel-Pro are DISMISSED without prejudice.

### Doc. 143:  Defendant Vellumoid's Motion to Dismiss Cross-Claims Asserted Against it by Defendant O'Reilly Automotive Stores, Inc.

In Doc. 143, Vellumoid moved to dismiss co-Defendant O'Reilly Automotive Stores, Inc.'s cross-claims for indemnity, contribution, and apportionment insofar as those cross-claims related to Vellumoid.  Vellumoid's argument was that because Vellumoid was dismissed by Plaintiffs, and because there was no indemnity agreement between Vellumoid and O'Reilly, there

---

[7] Defendant Johnson & Johnson Consumer Inc. is now LTL Management LLC due to a corporate restructuring.  *See* (Doc. 125).  For the sake of consistency with the pleadings and previous entries in the record, the Court will continue to refer to this Defendant as Johnson & Johnson Consumer Inc.

3

was no legal basis for O'Reilly's cross-claims against Vellumoid. O'Reilly opposed Vellumoid's Motion to Dismiss.[8] Two important events have subsequently occurred. First, Plaintiffs and O'Reilly jointly stipulated "to the dismissal of all claims asserted against O'Reilly,"[9] which means that O'Reilly no longer faces liability to Plaintiffs in this case. Second, O'Reilly joined a Motion that expressly dismissed its cross-claims against Vellumoid.[10] Accordingly, the Court DENIES Vellumoid's Motion to Dismiss as MOOT.

### Doc. 144:  Defendant Fel-Pro's Motion to Dismiss Cross-Claims Asserted Against it by Defendant O'Reilly Automotive Stores, Inc.

Fel-Pro moved to dismiss co-Defendant O'Reilly Automotive Stores, Inc.'s cross-claims for indemnity, contribution, and apportionment insofar as those cross-claims related to Fel-Pro. Fel-Pro's argument was that because Fel-Pro was dismissed by Plaintiffs, and because there was no indemnity agreement between Fel-Pro and O'Reilly, there was no legal basis for O'Reilly's cross-claims against Fel-Pro. O'Reilly opposed Fel-Pro's Motion to Dismiss.[11] Two important events have subsequently occurred. First, Plaintiffs and O'Reilly jointly stipulated "to the dismissal of all claims asserted against O'Reilly,"[12] which means that O'Reilly no longer faces liability to Plaintiffs in this case. Second, O'Reilly joined a Motion that expressly dismissed its cross-claims against Fel-Pro.[13] Accordingly, the Court DENIES Fel-Pro's Motion to Dismiss as MOOT.

---

[8] *See* (Doc. 147).

[9] (Doc. 165).

[10] (Doc. 163).

[11] *See* (Doc. 147).

[12] (Doc. 165).

[13] (Doc. 163).

### Doc. 148:  Plaintiffs' Motion to Dismiss With Prejudice as to Defendant Honeywell International, Inc.

Plaintiffs move to dismiss Defendant Honeywell International, Inc. with prejudice.  There has been no opposition to this Motion.  Plaintiffs' Motion is GRANTED.  Plaintiffs' claims against Honeywell International Inc. are DISMISSED with prejudice.[14]

### Doc. 156:  Motion for Summary Judgment by Defendant Morse TEC LLC, f/k/a Borg-Warner Morse TEC LLC, as Successor-by-Merger to Borg-Warner Corporation ("Morse TEC")

Defendant Morse TEC moved for summary judgment as to Plaintiffs' claims against Morse TEC.  Plaintiffs did not respond to that Motion.  Instead, four days later, Plaintiffs filed a Motion to Dismiss their claims against Morse TEC.[15]  Below, the Court grants Plaintiffs' Motion to Dismiss their claims against Morse TEC.  Accordingly, Morse TEC's Motion for Summary Judgment is DENIED as MOOT.

### Doc. 162:  Plaintiffs' and Defendant DCo, LLC's Joint Motion and Order for Dismissal Without Prejudice

Plaintiffs and Defendant DCo, LLC jointly moved the Court "to dismiss all of [Plaintiffs'] claims against defendant, DCo, LLC, without prejudice . . . ."  There has been no opposition to this Motion.  The Motion is GRANTED.  Plaintiffs' claims against DCo, LLC are DISMISSED without prejudice.

### Doc. 163:  Joint Dismissal of Cross-Claims

Defendants Fel-Pro and Vellumoid move to dismiss without prejudice their cross-claims "asserted against all Defendants in" this lawsuit.  Defendants Autozone, Inc., DCo, LLC, and O'Reilly Automotive Stores, Inc. join the Motion to voluntarily dismiss without prejudice "their

---

[14] Plaintiffs and Defendant Honeywell International, Inc. also filed a subsequent Joint Stipulation of Dismissal with Prejudice.  (Doc. 161).

[15] (Doc. 164).

respective cross-claims asserted against Fel-Pro and Vellumoid" in this lawsuit. There has been no opposition to this Motion. The Court GRANTS the Motion. All of Fel-Pro's and Vellumoid's cross-claims are DISMISSED without prejudice. Autozone, Inc.'s, DCo LLC's, and O'Reilly Automotive Stores, Inc.'s cross-claims against Fel-Pro and Vellumoid are likewise DISMISSED without prejudice.

### Doc. 164:  Plaintiffs' Motion to Dismiss Without Prejudice Morse TEC

Plaintiffs move to voluntarily dismiss without prejudice their claims against Morse TEC. There has been no opposition to this Motion. The Court GRANTS Plaintiffs' Motion. All of Plaintiffs' claims against Morse TEC are DISMISSED without prejudice.

### Doc. 165:  Joint Stipulation of Dismissal Without Prejudice of All Claims Against O'Reilly Automotive Stores, Inc.

Plaintiffs and Defendant O'Reilly Automotive Stores, Inc. have stipulated to "the dismissal of all claims asserted against O'Reilly . . . ." There has been no opposition to this Stipulation. The Stipulation is signed by attorneys for both parties. The Court approves the Stipulation. All of Plaintiffs' claims against O'Reilly Automotive Stores, Inc. are DISMISSED without prejudice.

### Docs. 166 and 167:  Plaintiffs' Motions to Dismiss as to Defendant Autozone, Inc.

Plaintiffs filed two Motions within three days voluntarily dismissing Defendant Autozone, Inc. The first motion (Doc. 166) voluntarily dismissed Autozone, Inc. *without* prejudice. The second motion (Doc. 167) voluntarily dismissed Autozone, Inc. *with* prejudice. There has been no opposition to either of these Motions. The Court GRANTS the second Motion (Doc. 167) and DENIES the first Motion (Doc. 166) as MOOT. All of Plaintiffs' claims against Autozone, Inc. are DISMISSED with prejudice.

**All Cross-Claims are Moot**

This case began with twelve Defendants. Two of them were dismissed for lack of personal jurisdiction. Of the ten Defendants that remained, Plaintiffs have voluntarily dismissed all of their claims against nine of them.[16] Those nine Defendants each filed Answers asserting cross-claims against their fellow co-Defendants.[17] Four of those nine Defendants—Johnson & Johnson, Johnson & Johnson Consumer Inc., Fel-Pro, and Vellumoid—have voluntarily dismissed all of their cross-claims against all co-Defendants. Three other Defendants—Autozone, Inc., DCo LLC, and O'Reilly Automotive Stores, Inc.—have voluntarily dismissed their cross-claims as to Fel-Pro and Vellumoid. In any event, the Court concludes that all remaining cross-claims are moot. Every remaining cross-claim is for some form of indemnity, contribution, or allocation of fault.[18] Because every Defendant asserting these cross-claims has now been dismissed from this lawsuit (and therefore no longer faces any liability in this lawsuit) there is no live case-or-controversy with regards to a claim of indemnity, contribution, or allocation of fault.

**CONCLUSION**

In light of the foregoing analysis, all claims in this case have been resolved except for Plaintiffs' claims against Union Carbide Corporation.

IT IS SO ORDERED this 28th day of April 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] Union Carbide Corporation remains as a Defendant. *See supra* note 4 and accompanying text.

[17] *See supra* note 6.

[18] *See supra* note 6.